## EMPIRE CITY SAVINGS BANK v. MOORHEAD.

(Supreme Court, Appellate Term.   November 30, 1909.)

1. APPEAL AND ERROR (§ 1042*)—HARMLESS ERROR—RULINGS ON PLEADINGS—
DEFECTS IN COMPLAINT.

In an action on an agreement to repay money paid by plaintiff for repairs on defendant's house, made under a contract of a specified date, in which a motion was made to dismiss the complaint for failure to state a cause of action, in that it did not allege that the repairs were made under the contract of the date specified, the court, on appeal, will not be astute to give such a technical construction to the pleading, where the meaning was plain, and defendant answered and went to trial apparently with a full understanding of the issues.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4114; Dec. Dig. § 1042.*]

2. JUDGMENT (§ 729*)—RES JUDICATA—MATTERS CONCLUDED.

The purchaser of a house agreed with the vendor to repay any further sums which the vendor might be compelled to pay for repairs thereon under a specified outstanding contract.   The contractor for the repairs having sued the vendor the purchaser defended.   The complaint was on two causes of action, of which the first was alleged to be for repairs of the value of $2,900.41, of which $1,993.17 had been paid, and the second was alleged to be for repairs of the value of $694.50, of which $531.75 had been paid.   The answer was a general denial of both causes of action, and a counterclaim to the first, alleging that the vendor had paid $2,524.92 thereon and the purchaser $500, and counterclaiming for the excess payment.   The reply amounted to a mere restatement of the payments admitted by the complaint as to both causes of action.   The second cause of action was discontinued, and judgment was rendered for the contractor for $958.14, which the vendor paid.   Held, in an action by the vendor against the purchaser, that such judgment was not res judicata of the purchaser's liability, except as to the first cause of action, and did not preclude a showing that the second cause of action, on which $531.75 had admittedly been paid, was under a different contract, as to which the purchaser had not agreed to pay the vendor, so that there was a credit due the purchaser of $531.75.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1262; Dec. Dig. § 729.*]

Appeal from City Court of New York, Trial Term.

Action by the Empire City Savings Bank against Louise Moorhead. Judgment for plaintiff, and defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

William Edgar Weaver, for appellant.

Charles W. Dayton, Jr., (Edward D. Bryde, of counsel), for respondent.

LEHMAN, J.   The defendant purchased certain houses from the plaintiff, and upon taking title she made a written contract with the plaintiff in which, among other things, she agreed to—

"repay to said bank all further sums which it may hereafter be compelled to pay to John F. Dowd for repairs upon said premises upon his agreement dated May 3, 1904, to make such repairs."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The complaint alleges that thereafter John F. Dowd commenced an action against the plaintiff for repairs upon the said premises; that plaintiff gave the defendant notice of the action, and she came in and defended the same; and that the trial resulted in a judgment in favor of John F. Dowd against the plaintiff herein for the sum of $958.14. The defendant moved at the opening of the case for a dismissal of the complaint, on the ground that it does not set forth a cause of action. She does not at the time appear to have given any grounds for this motion; but on the appeal she argues that, inasmuch as the complaint first sets forth her agreement to repay for repairs upon the premises under the agreement made on May. 3, 1904, it must appear also from the complaint that the action brought against the defendant was not only for repairs upon the premises, but for repairs made under the contract dated May 3d. Technically her contention is correct; but after she has answered and come to trial, apparently fully understanding the nature of the complaint, we should not be astute to aid a technical construction of the complaint, the result of which would work an undoubted injustice. It appears to me that, from the context in which the statement that the action was for repairs upon the said premises appears, the inference can and should be made that the words "under such contract" are impliedly added.

After the motion to dismiss was denied, the plaintiff introduced in evidence the judgment in the action of Dowd v. Empire City Savings Bank, and upon the admission in the record that the defendant defended the said action it was admitted in evidence. The plaintiff then showed that the judgment was paid, and rested. The defendant then offered to show payment to the plaintiff on her contract with the plaintiff of $2,524.92; but this was excluded, on the ground that she was concluded by the judgment roll. It appears that the plaintiff in that action united two causes of action in one complaint. The first cause of action was for repairs described in paragraph 2 of the complaint as having been made under the agreement of May 3d. These repairs were alleged to have been of the value of $2,900.41, on which the sum of $1,993.17 had been paid, leaving a balance of 907.24. The second cause of action was for repairs described in paragraph 7 of the complaint as having been ordered at various times "between the 3d of May," apparently meaning after the 3d of May. These repairs are alleged to have been of the value of $694.50, upon which the sum of $531.75 had been paid. The answer of the defendant in that action was a general denial of both causes of action, and a special defense and counterclaim to the first cause of action, setting forth that the Empire City Savings Bank had paid $2,524.92 and Louise Moorhead $500 on said cause of action, and counterclaiming for the alleged excess payment of· $399.92. The reply to the answer sets forth that the plaintiff received $2,524.92 on account of the repairs and improvements set forth in paragraphs 2 and 7 of the complaint.

The reply is really a restatement of the allegations of payment in the complaint, that $1,993.17 was paid on the first cause of action and $531.75 on the second cause of action. It appears that the second cause of action was .discontinued. The defendant, Louise Moorhead,

is therefore concluded only by the verdict on the first cause of action. That verdict has established that Dowd performed work under the contract of May 3d amounting to $2,900.41, and that the bank has paid him thereon the sum of $1,993.17. It in no way established that the defendant, Louise Moorhead, did not pay to the bank a larger sum, for which it is accountable to the defendant in this action. It appears, from the admissions of Dowd, that the bank paid him the difference, but upon another cause of action; and it does not appear that the defendant, Louise Moorhead, was bound to pay anything upon the second cause of action. These are matters upon which the defendant herein is not concluded, and which she has a right to show under her pleading.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.